1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

8

**DISTRICT OF NEVADA**

9

10

11  EDWARD HALVERSON,                    )
        #1030045                                     )
                                                           )
12          Plaintiff,                              )          2:10-cv-00934-JCM-LRL
                                                           )
13  vs.                                                )
                                                           )          **ORDER**
14  HOWARD SKOLNIK, *et al.*,          )
                                                           )
15          Defendants.                          )
        _____/

16

17          This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff's

18  application to proceed *in forma pauperis* is granted.  (Docket #4).  The court now reviews the complaint.

19  **I.  Screening Standard**

20          Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a

21  prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious,"

22  "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who

23  is immune from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an

24  arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may,

25  therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or

26  where the factual contentions are clearly baseless.  *Id*. at 327.  The critical inquiry is whether a

1  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson*

2  *v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

3          Dismissal of a complaint for failure to state a claim upon which relief may be granted is

4  provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under

5  Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under

6  Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*,

7  232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the

8  elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief

9  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965

10  (2007). "The pleading must contain something more...than...a statement of facts that merely creates a

11  suspicion [of] a legally cognizable right of action." *Id*.  In reviewing a complaint under this standard,

12  the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex*

13  *Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

14  plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

15          Allegations in a *pro se* complaint are held to less stringent standards than formal

16  pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.

17  519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

18  Cir. 1990).  All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the

19  prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

20  conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of

21  infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

22  allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever*

23  *v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

24

25

26

2

1    To sustain an action under section 1983, a plaintiff must show (1) that the conduct

2  complained of was committed by a person acting under color of state law; and (2) that the conduct

3  deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689

4  (9th Cir. 2006).

5  **II.  Instant Complaint**

6    Plaintiff, who is incarcerated at Southern Desert Correctional Center ("SDCC"), has sued

7  Nevada Department of Corrections ("NDOC") Director Howard Skolnik, Nevada Attorney General

8  Catherine Cortez-Masto, and the following SDCC personnel:  Warden Brian Williams, Associate

9  Warden of Programs ("AWO") Cheryl Burson, and law librarian Kathy Smith.  Plaintiff alleges that

10 when he sought an appointment at the law library in order to conduct research for himself and other

11 inmates, Smith asked him what he needed to research and told him that "forms must be for you only."

12 He also appears to allege that he was refused a "common appointment time" with another inmate.

13 Plaintiff complains that he is being denied meaningful access to the courts and also claims that his

14 Fourteenth Amendment rights to due process and equal protection have been violated.

15    As an initial matter, with respect to defendant Attorney General Cortez-Masto,

16 prosecutorial immunity protects eligible government officials when they are acting pursuant to their

17 official role as advocate for the State performing functions "intimately associated with the judicial phase

18 of the criminal process."  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Kalina v. Fletcher*,

19 522 U.S. 118, 124-26 (1997); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005); *Genzler v.*

20 *Longanbach*, 410 F.3d 630, 636-37 (9th Cir. 2005); *KRL v. Moore*, 384 F.3d 1105, 1110 (9th Cir. 2004);

21 *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).  Prosecutorial immunity does not extend to those

22 actions of a prosecutor that are "administrative" or "investigative" in nature.  *See Hartman v. Moore*,

23 547 U.S. 250, 261-62 n.8 (2006); *Buckley v. Fitzsimmons*, 509 U.S. 259, 271-73 (1993); *Botello*, 413

24 F.3d at 975-76; *Genzler*, 410 F.3d at 636.   State prosecutors are entitled to absolute prosecutorial

25 immunity for acts taken in their official capacity.  *See Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997);

26 *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler*, 424 U.S. at 427, 430-31; *Botello*, 413

3

1    F.3d at 975; *Genzler*, 410 F.3d at 636; *KRL*, 384 F.3d at 1110; *Broam*, 320 F.3d at 1028.  General

2    Cortez-Masto is dismissed from this action.

3            Next, with respect to plaintiff's Fourteenth Amendment claims, he sets forth no facts

4    implicating either his right to due process or equal protection.  Plaintiff has not alleged that defendants

5    denied him some process that he was due or that they intentionally discriminated against him based on

6    race or religion or his membership in any other protected class. *See Wolff v. McDonnell*, 418 U.S. 539,

7    556 (1974); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997).  Accordingly, plaintiff's Fourteenth

8    Amendment due process and equal protection claims are dismissed.

9            With respect to plaintiff's main claims, prisoners have a constitutional right of access to

10   the courts.  *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977),

11   *limited in part on other grounds by Lewis*, 518 U.S. at 354; *Ching v. Lewis*, 895 F.2d 608, 609 (9th Cir.

12   1990).  This right "requires prison authorities to assist inmates in the preparation and filing of

13   meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from

14   persons trained in the law." *Bounds*, 430 U.S. at 828; *see also Madrid v. Gomez*, 190 F.3d 990, 995 (9th

15   Cir. 1999).  The right, however, "guarantees no particular methodology but rather the conferral of a

16   capability – the capability of bringing contemplated challenges to sentences or conditions of confinement

17   before the courts . . . . [It is this capability] rather than the capability of turning pages in a law library,

18   that is the touchstone" of the right of access to the courts.  *Lewis*, 518 U.S. at 356-57.  Prison officials

19   may select the best method to ensure that prisoners will have the capability to file suit.  *See id.* at 356.

20   Prisons "might replace libraries with some minimal access to legal advice and a system of court-

21   provided forms . . . that asked the inmates to provide only the facts and not to attempt any legal

22   analysis." *Id*. at 352.

23            To establish a violation of the right of access to the courts, a prisoner must establish that

24   he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine

25   and may not be waived.  *See Lewis*, 518 U.S. at 349; *Madrid*, 190 F.3d at 996.  An "actual injury" is

26   "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing

4

1   deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citation and internal quotations omitted); *see*

2   *also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that  a

3   'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim for denial of access to legal

4   materials) (citing *Lewis*, 518 U.S. at 353 & n.4); *Madrid*, 190 F.3d at 996.  Delays in providing legal

5   materials or assistance that result in actual injury are "not of constitutional significance" if "they are the

6   product of prison regulations reasonably related to legitimate penological interests." *Lewis*, 518 U.S.

7   at 362.  The right of access to the courts is limited to non-frivolous direct criminal appeals, *habeas*

8   *corpus* proceedings, and § 1983 actions.  *See Lewis*, 518 U.S. at 353 n.3 & 354-55; *Simmons v.*

9   *Sacramento County Superior Court*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) (explaining that "a prisoner

10   has no constitutional right of access to the courts to litigate an unrelated civil claim"); *Madrid*, 190 F.3d

11   at 995.

12         Finally, the court notes that both assisting other inmates with their legal matters and

13   pursuing legal matters of the inmate's own are protected by the First Amendment. *Rizzo v. Dawson*, 778

14   F.2d 527, 531 (9th Cir. 1985).  However, an inmate's First Amendment rights are not absolute; prison

15   officials may infringe upon them as long as the infringement is "reasonably related to legitimate

16   penological interests." *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989), relying on *Turner v. Safley*,

17   482 U.S. 78, 89 (1987).

18         The court finds that plaintiff's claims are so vague that it is unable to determine whether

19   the current action is frivolous or fails to state a claim for relief.  While plaintiff alludes to possible

20   interference with his use of the law library, which may implicate his right to access to the courts, he does

21   not allege any actual injury.  The court has determined that the complaint does not contain a short and

22   plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

23   pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

24   succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

25   with at least some degree of particularity overt acts engaged in by defendants that support plaintiff's

26   claim.  *Id.*  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

5

1   complaint must be dismissed.  However, as will be discussed below, plaintiff will be granted leave to

2   file an amended complaint.

3           Plaintiff is further cautioned that, while he alleges generally that defendants Skolnik,

4   Williams, and Burson directed, counseled, and allowed unidentified subordinates to violate plaintiff's

5   constitutional rights, he fails to identify what specific actions each of these defendants took and how

6   each defendant allegedly violated his constitutional rights.  The Civil Rights Act under which this action

7   was filed provides:

8           Every person who, under color of [state law] . . . subjects, or causes to be
            subjected, any citizen of the United States. . . to the deprivation of any
9           rights, privileges, or immunities secured by the Constitution. . . shall be
            liable to the party injured in an action at law, suit in equity, or other
10          proper proceeding for redress.  42 U.S.C. § 1983.

11  The statute plainly requires an actual connection or link between the actions of the defendants and the

12  deprivation alleged to have been suffered by plaintiff.  *See Monell v. Department of Social Services*, 436

13  U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person

14  'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he

15  does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is

16  legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588

17  F.2d 740, 743 (9th Cir. 1978).

18          Moreover, "[l]iability under [§] 1983 arises only upon a showing of personal participation

19  by the defendant.  A supervisor is only liable for the constitutional violations of . . . subordinates if the

20  supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent

21  them.  There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045

22  th Cir. 2007); *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (proper to

23  dismiss where no allegations of knowledge of or participation in alleged violation).

24  **III.  Conclusion**

25          Accordingly, because plaintiff's claims may implicate his constitutional right to access

26  to the courts, plaintiff has leave to file an amended complaint.  If plaintiff elects to proceed in this action

6

1  by filing an amended complaint, he is advised that he should specifically identify each defendant to the

2  best of his ability, clarify what constitutional right he believes each defendant has violated and support

3  each claim with factual allegations about each defendant's actions.  Again, there can be no liability under

4  42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and

5  the claimed deprivation.  *Rizzo*, 423 U.S. 362; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980);

6  *Johnson*, 588 F.2d at 743.  Plaintiff's claims must be set forth in short and plain terms, simply, concisely

7  and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

8          Plaintiff is informed that the court cannot refer to a prior pleading in order to make

9  plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be

10  complete in itself without reference to any prior pleading. This is because, as a general rule, an amended

11  complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once

12  plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

13  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each

14  defendant must be sufficiently alleged.

15          **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma*

16  *pauperis* (docket #4) without having to prepay the full filing fee is **GRANTED**;  plaintiff shall not be

17  required to pay an initial installment fee.  Nevertheless, the full filing fee shall still be due, pursuant to

18  28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996.  The movant herein is

19  permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or

20  the giving of security therefor.  This order granting *in forma pauperis* status shall not extend to the

21  issuance of subpoenas at government expense.

22          **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the

23  Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk

24  of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the

25  account of Edward Halverson, **Inmate No. 1030045** (in months that the account exceeds $10.00) until

26  the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the

attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment due process claim is **DISMISSED** with prejudice and without leave to amend.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment equal protection claim is **DISMISSED** with prejudice and without leave to amend.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that this Order is entered to file his amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

**IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **2:10-CV-00934-JCM-LRL**, above the words "FIRST AMENDED"in the space for "Case No."

**IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

**IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion to combine two 42 U.S.C. § 1983

filings (docket #3) is **DENIED**.

DATED this 26th day of August, 2010.

_____

UNITED STATES DISTRICT JUDGE